DJF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

JAMES EPPS a/k/a JAMES E. EPPS Jr.,

                Defendant.
----------------------------------------------------------X

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 22 2014 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

**97-CV-4117 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is pro se Defendant James Epps's letter requesting that the default judgment entered against him on December 19, 1997, be vacated. (Mot. to Vacate Default J. ("Mot. to Vacate") (Dkt. 7).) The court construes this letter as a motion to set aside a default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). For the reasons set forth below, Defendant's motion is DENIED.

**I.     BACKGROUND**

On July 21, 1997, Plaintiff the United States of America filed an action against Defendant for a judgment in the amount of $1,814.57 for unpaid student loans and interest accrued through July 8, 1997. (Compl. (Dkt. 1) at 1.) The case was originally assigned to Judge David G. Trager. According to the Affidavit of Service, Defendant was served with the Summons and Complaint on August 27, 1997, thirty-seven days after the Complaint was filed. (Aff. of Service (Dkt. 2) at 1.) Service was made by a non-party professional process server who was over eighteen and delivered of a copy of the Summons and Complaint to "Jane Doe," a co-tenant at 80 Dwight Street, Apartment 7G, Brooklyn, NY, which at the time was Defendant's "usual place of abode." (Id.) Doe appeared to be forty-nine years of age and of suitable discretion but refused to give her name. (Id.) The process server confirmed through conversation with Doe that

1

Defendant was not in the military. (Id.) The Summons and Complaint were also mailed to Defendant at the same address via first class mail. (Id.) Plaintiff filed proof of service on September 11, 1997.

Defendant did not answer the Complaint or otherwise appear in the action. On December 18, 1997, Plaintiff moved for default judgment. (Mot. for Default J. (Dkt. 4).) The Clerk of Court entered a certificate of default on the same day. (Dkt. 5.) Finding that "the summons and complaint in this action ha[d] been duly served on the . . . defendant . . . and said defendant ha[d] failed to plead or otherwise defend in this action," on December 19, 1997, Judge Trager ordered default judgment against Defendant in the amount of $1,945.09. (Default J. (Dkt. 5).) This sum represented the principal on the loan of $1,016.34, plus interest of $827.12, and a 10% statutory surcharge of $101.63. (Id.)

On July 2, 2014, more than sixteen years after the entry of judgment, Defendant filed his Motion to Vacate. Defendant claims that he "never received any documents about the case and do[es] not know anything about it." (Mot. to Vacate at 1.) The case was reassigned to this court.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(c) allows the court to set aside a default judgment in accordance with Rule 60(b), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ;
(3) fraud[,] . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged . . . ; or
(6) any other reason that justifies relief."

2

Fed. R. Civ. P. 60(b). However, such motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (internal quotation marks omitted)). Defendant bears the burden of proving such circumstances, id., though the court will construe his filings liberally in recognition of his pro se status, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

### A. Defendant's Motion is Timely

Construing Defendant's motion liberally, the court interprets it to argue pursuant to Rule 60(b)(4) that the default judgment is void because Plaintiff failed to adequately serve process and therefore the court lacked personal jurisdiction over Defendant. See Trs. of Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (construing defendant's motion claiming he never received the summons and complaint as a Rule 60(b)(4) motion alleging lack of personal jurisdiction due to improper service); Arista Records, Inc. v. Musemeci, No. 03-CV-4465 (DGT) (RML), 2007 WL 3124545, at *2 (E.D.N.Y. Sept. 18, 2007), report and recommendation adopted, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007) (same).

A motion under Rule 60(b)(4) must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). "Courts have been exceedingly lenient in defining the term reasonable time, with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time." Am. Indus. Gases, 708 F. Supp. 2d at 275 (quoting Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997)). Therefore, despite Defendant's significant delay in bringing this motion, the court will accept it as timely.

## B. Defendant's Motion Is Without Merit

"[I]f service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated." United States v. Cally, 197 F.R.D. 27, 28 (E.D.N.Y. 2000). Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(1), (2)(B). New York law permits a natural person to be served through a two-step process: (1) delivering the summons to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," and (2) mailing a copy of the summons to that person's "last known residence." N.Y. C.P.L.R. § 308(2).

Here the process server's sworn affidavit demonstrates that Defendant was served in accordance with both federal and New York law. A copy of the Summons and Complaint was left with a forty-nine-year-old woman of suitable discretion at Defendant's usual place of abode, and a second copy was mailed to Defendant at the same address. (Aff. of Service at 1.) Defendant has offered no evidence contradicting this account or demonstrating that he did not reside at the address in question at the time of service, offering only unsworn statements that he did not know about the case. (See Mot. to Vacate at 1.) "[C]ourts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,'" Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted), and Defendant's bare bones motion falls short of this standard. Given the lack of credible evidence supporting

Defendant's motion and the seventeen years that have elapsed since the events surrounding service of process, the court does not believe that a hearing to develop the factual record concerning service would prove useful at this time.

Should Defendant elect to renew his Rule 60(b)(4) motion, he must include evidence demonstrating why service was improper in this case. The evidence shall be in the form of a sworn affidavit and/or documentary evidence.

## III. CONCLUSION

Defendant's motion for relief pursuant to Rule 60(b)(4) accordingly is DENIED.

SO ORDERED.

s/ Judge Nicholas G. Garaufis

Dated: Brooklyn, New York
August 26, 2014

NICHOLAS G. GARAUFIS
United States District Judge